**FORM NO. 2**
*(rev. 10/17/05)*

## United States Bankruptcy Court
### Eastern District of Kentucky

11-60142

In re: John Ramey, Angela Ramey, Debtor(s)

Case No.
Chapter: 13

# CHAPTER 13 PLAN AND MOTIONS

☒ **Original**   ☐ **Amended**   Date: February 4, 2011

**NOTICE TO CREDITORS: This Plan may modify your rights. If you oppose any provision of the plan you must file an objection with the Bankruptcy Court by the deadline fixed by the Court. If you do not file a timely objection, you will have accepted the terms of the Plan, and the plan can be confirmed and the motions granted without further notice or hearing.**

*Reference to "Debtor" herein shall include both Debtors in a joint case.*

**I. PLAN PAYMENTS.** The Debtor shall pay to the Trustee *(check one)*:

☒ $ 853.49 each month.   **OR**   ☐ the payments per the attached schedule.

☐ (*If checked*) Plan payments shall be made to the Trustee by Payroll Deduction: (specify ☐ H or ☐ W in a joint case)

Employer Name:
Address:
Phone Number:

**II. SECURED CLAIMS.**

**A. Secured Claims To Be Paid Through the Plan and Motion to Value Collateral.**

1. **Pre-Confirmation Adequate Protection Payments.** Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Secured Creditor | Collateral Description | Pre-Confirmation Monthly Payment |
|---|---|---|
| Chase | 2008 Ford Taurus<br>Location: 168 Clay Road, Hyden KY 41749 | $171.33 |
| BB & T | 2007 Zeppelin camper<br>Location: 168 Clay Road, Hyden KY 41749 | $80.00 |
| Hyden Citizen Bank | 0.52 acres of land, more or less (vacant lot)<br>Location: 168 Clay Road, Hyden KY 41749<br><br>This property is adjacent to the property located on Clay Road where the debtors' mobile home sits. | $63.35 |
| United Consumer Financial Services | Kirby vacuum cleaner | $15.00 |

**FORM NO. 2**
*(rev. 10/17/05)*

11-60142

2. **Secured Claims Valued Under § 506.** The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Secured Creditor | Collateral Description | Estimated Amount of Claim | Secured Value | Interest Rate* | Monthly Payment |
|---|---|---|---|---|---|
| BB & T | 2007 Zeppelin camper Location: 168 Clay Road, Hyden KY 41749 | $10,990.00 | $8,000.00 | 4.75% | $161.00 |
| Hyden Citizen Bank | 0.52 acres of land, more or less (vacant lot) Location: 168 Clay Road, Hyden KY 41749<br><br>This property is adjacent to the property located on Clay Road where the debtors' mobile home sits. | $6,335.46 | $15,000.00 | 4.75% | $129.00 |
| United Consumer Financial Services | Kirby vacuum cleaner | $805.00 | $400.00 | 4.75% | $15.00 |

*If blank, the interest rate shall be the WSJ Prime Rate on the date of confirmation plus 2 percentage points. An allowed secured tax claim shall be paid with interest at the applicable statutory rate in effect on the date on which the plan is confirmed, notwithstanding any contrary provision in the plan.

3. **Secured Claims Not Subject to Valuation Under § 506.** Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Secured Creditor | Collateral Description | Estimated Amount of Claim | Interest Rate* | Monthly Payment |
|---|---|---|---|---|
| Chase | 2008 Ford Taurus Location: 168 Clay Road, Hyden KY 41749 | $17,133.00 | 4.75% | $332.00 |

*If blank, the interest rate shall be the WSJ Prime Rate on the date of confirmation plus 2 percentage points.

4. **Lien Retention.** The holder of any allowed secured claim provided for by the plan shall retain a lien until the earlier of the payment of the debt in full or discharge.

**B. Curing Defaults and Maintaining Payments on Mortgages and Other Secured Debts.**

1. **Payments by Debtor.** The Debtor shall pay each claim listed below, except any prepetition arrearage, by making payments directly to the Creditor according to the underlying contract. Except as otherwise provided in the plan, any allowed claim for prepetition arrearages shall be paid through the plan in equal monthly payments until the amount of the arrearage as set forth in the Creditor's proof of claim has been paid in full.

| Secured Creditor | Collateral Description | Estimated Amount of Arrearage | Monthly Payment on Arrearage |
|---|---|---|---|
| Vanderbilt Mortgage | 0.50 acres of land, more or less, with 2006 Clayton (28X68) mobile home Location: 168 Clay Road, Hyden KY 41749 | $0.00 | $0.00 |

If the arrearage claim is to cure a default in an agreement that was entered into after October 22, 1994, no interest shall accrue or be paid on the claim. With respect to all other agreements, the interest rate shall be the contract rate.

**FORM NO. 2**
*(rev. 10/17/05)*

11-60142

2. **Payments by Third Party.** The following claims, including any amount for prepetition arrearages, shall be paid by a non-filing third party making payments directly to the Creditor according to the underlying contracts.

| Secured Creditor | Collateral Description | Name of Party Making Payments/ Relationship to Debtor |
|---|---|---|
| -NONE- | | |

**C. Surrender of Property.** The Debtor surrenders the following property. Upon confirmation the automatic stay and co-debtor stay are terminated as to the collateral being surrendered. No distributions shall be made to the secured creditor until an amended claim for the deficiency is filed and allowed. Any allowed claim for a deficiency shall be treated as a general unsecured claim.

| Secured Creditor | Collateral Description |
|---|---|
| Ncb Ne Er | One (1) acre of land, more or less, with framed house<br>Location: 1910 Polls Creek Rd, Cutshin, KY<br><br>Debtor, Angela Ramey, has 50% interest in this property with Joey Dixon (Former Paramour). Mr. Dixion wishes to keep and pay for property |
| PNC Mortgage | One (1) acre of land, more or less, with framed house<br>Location: 1910 Polls Creek Rd, Cutshin, KY<br><br>Debtor, Angela Ramey, has 50% interest in this property with Joey Dixon (Former Paramour). Mr. Dixion wishes to keep and pay for property |

**D. Orders Granting Relief From Stay.** If at any time during the life of the plan an order terminating the automatic stay is entered, no further distributions shall be made to the Creditor until such time as an amended claim for any deficiency is filed and allowed. Any allowed claim for a deficiency shall be treated as a general unsecured claim.

**E. Avoidance of Liens under 11 U.S.C. § 522(f).** The Debtor moves the Court to avoid the liens of the following creditors under 11 U.S.C. § 522(f). Except to the extent the plan provides otherwise, the allowed claims of such creditors shall be treated as general unsecured claims.

| Secured Creditor | Collateral Description |
|---|---|
| David Deep, Esq. | Judgment lien on real estate |

**F. All Other Secured Claims.** An allowed secured claim not provided for in the plan shall be classified in a junior class of secured claims that will be paid through the plan on a pro rata basis with all other allowed secured claims in the class. Each allowed claim in the class will be paid to the extent of the value of the collateral set forth in the Creditor's proof of claim or the amount of the allowed claim, whichever is less, with interest at the WSJ Prime Rate on the date of confirmation or the date on which the proof of claim is filed, whichever is later, plus 2 percentage points. Allowed administrative expenses shall be paid in full prior to distribution to this class of secured claims.

## III. PRIORITY CLAIMS.

**A.** All claims entitled to priority under section 507 (including administrative expenses) shall be paid in full. Except to the extent the plan provides otherwise, all expenses entitled to administrative priority under section 507(a)(2) shall be paid in full prior to distribution to any other class of claims entitled to priority. All other classes of claims entitled to priority shall be paid concurrently on a pro rata basis.

**B. Trustee's Fee.** The percentage fee payable to the Trustee shall be paid before or at the time of each payment to creditors and other claimants. The Trustee is authorized to collect the statutory percentage fee at the time of distribution of pre-confirmation adequate protection payments. The percentage fee is fixed by the United States Trustee and cannot be modified by the plan.

**C. Attorney's Fee.** An attorney's fee for Debtor's counsel will be requested by separate application and shall be paid as allowed by the Court. It is estimated that the amount of the attorney's fee to be paid through the plan is $ 1,750.00 . The attorney's fee for Debtor's counsel shall be paid in full prior to distribution to the class of "All Other Secured Claims" described in paragraph II.F. above and any other class of priority claims.

**FORM NO. 2**
**(rev. 10/17/05)**

11-60142

**D. Domestic Support Obligations ("DSO").** Unless otherwise provided in the plan, any allowed unsecured claim for a pre-petition domestic support obligation shall be paid through the plan until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

**E. Tax Claims.** The allowed claim of any governmental entity for taxes shall be paid according to the proof of claim unless otherwise ordered by the Court.

**IV. UNSECURED CLAIMS.**

**A. Minimum Amount Required for Distribution to Priority and Non-priority Unsecured Claims.** The minimum amount required for distribution to priority and non-priority unsecured claims shall be the greater of: (1) the projected disposable income for the applicable commitment period; (2) the amount required to satisfy the liquidation test; or (3) the amount required to pay priority claims in full.

**B. General Unsecured Claims.**

    1. The trustee shall calculate the "pool" amount available for distribution to unsecured creditors. Creditors holding general unsecured claims shall be paid on a pro rata basis to the greatest extent possible. No interest accruing after the date of the filing of the petition shall be paid on the claims of creditors holding unsecured claims.

    2. **Co-Signed Debts To Be Paid in Full.** The following creditors holding unsecured claims for which a non-filing debtor is also liable shall be paid in full, without interest, concurrently with other general unsecured claims.

| Creditor | Description of Claim | Co-Signer/ Relationship to Debtor |
|---|---|---|
| -NONE- | | |

**V. LEASES AND EXECUTORY CONTRACTS.**

**A. Rejection of Leases and Surrender of Property.** The Debtor hereby rejects the following leases and executory contracts and will surrender the leased property. In addition, any lease or executory contract not specifically assumed below is deemed rejected. Upon confirmation the automatic stay and co-debtor stay are terminated as to the leased property. No distributions shall be made to the creditor until an amended claim for any deficiency is filed and allowed. Any allowed claim for a deficiency shall be treated as a general unsecured claim.

| Creditor | Description of Leased Property or Nature of Contract |
|---|---|
| -NONE- | |

**B. Curing Defaults and Retaining Leased Property.** The Debtor shall pay the following unexpired leases or executory contracts, except any prepetition arrearage, by making payments directly to the Creditors according to the underlying contracts. Unless otherwise provided in the plan or Court order, any allowed claim for prepetition arrearages relating to the lease or contract shall be paid through the plan concurrently with secured claims.

| Creditor | Description of Leased Property or Nature of Contract | Estimated Amount of Arrearages | Monthly Payment on Arrearage |
|---|---|---|---|
| -NONE- | | | |

**VI. GENERAL PROVISIONS.**

**A.** An order of the Bankruptcy Court supersedes any provision of the plan which is in conflict with the order.

**B.** Claims will be paid in accordance with the plan only to the extent funds are available.

**C.** Claims of different classes may be paid concurrently if sufficient funds are available. Each monthly plan payment will be applied first to pay the fixed monthly payments of creditors holding allowed secured claims. Any funds remaining each month will be applied to pay the following classes of claims and expenses in the following order, with each class being paid in full prior to distribution to the next class: administrative expenses; the class of "all other secured claims"; all non-administrative priority claims; general unsecured claims.

**FORM NO. 2**
*(rev. 10/17/05)*

11-60142

**D.** In the event this case was subject to the automatic dismissal provisions of section 521(i) but an order of dismissal had not been entered as of the date of confirmation, confirmation of the plan constitutes a reinstatement of the case.

**E.** The trustee is authorized to extend the duration of the plan as necessary to pay allowed expenses and claims as provided in the plan; however, the plan may not provide for payments over a period that is longer than 5 years.

## VII. SPECIAL PROVISIONS

**A.** The Debtor attaches hereto and incorporates herein the following amendments (check all that apply):

☐ Plan Payment Schedule

☐ Add Proceeds from Personal Injury or Other Cause of Action

☐ Add Proceeds from Sale of Property

☐ Add Proceeds from Inheritance or Other Right to Receive Income or Property

☐ Other

**B.** The Debtor proposes the following special provisions.

```
For the first four (4) months after confirmation, creditors holding secured claims will be
paid only adequate protection payments in the same amount as the pre-confirmation adequate
protection payments set forth in the plan, no payments will be made on any arrearage claims,
and the attorney's fee for debtors' counsel will be paid to the greatest extent possible.

The debtors are proposing a sixty (60) month plan duration.

The debtors propose to pay the student loans, owed to Kentucky Higher Education, outside the
plan.
```

Date  February 4, 2011     Signature  /s/ John Ramey
                                      John Ramey
                                      Debtor

Date  February 4, 2011     Signature  /s/ Angela Ramey
                                      Angela Ramey
                                      Joint Debtor

Attorney  /s/ P. Brian Couch
          P. Brian Couch